**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **CORI'S PLACE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:23-CV-605** |
| **v.** | : | **(JUDGE MANNION)** |
| **THE ZONING HEARING BOARD** | : | |
| **OF THE CITY OF NANTICOKE** | : | |
| **and THE CITY OF NANTICOKE,** | : | |
| **Defendants** | : | |
| | : | |

**<u>MEMORANDUM</u>**

Plaintiff Cori's Place brings this action against the City of Nanticoke,[1] claiming that it violated the Fair Housing Act and the Americans with Disabilities Act of 1990 when it denied Plaintiff's zoning permit application. Though that denial has been reversed in state court, Plaintiff asks this court to grant declaratory and monetary relief.

---

[1] Because "[i]t is well established that arms of local municipalities … do not maintain an existence independent from the municipality," *K.S.S. v. Montgomery Cnty. Bd. of Com'rs*, 817 F. Supp. 2d 389, 395 (E.D. Pa. 2012), the Zoning Hearing Board of the City of Nanticoke and the City of Nanticoke will be treated as a single Defendant.

I.    **BACKGROUND**[2]

Plaintiff works with adults with intellectual disabilities to promote daily living skills. It purchased a property in Nanticoke's "R-2" (Two-Family Residential) Zoning District to use a residence for up to four such individuals. Plaintiff applied for a zoning permit with the Nanticoke Zoning Officer, who determined that its intended use would require Zoning Hearing Board approval. So Plaintiff applied to the Zoning Hearing Board and a public hearing was held. The Board denied Plaintiff's application.

Plaintiff appealed the Board's decision to the Luzerne County Court of Common Pleas, which reversed and ordered that Plaintiff's application be granted. (Doc. 18-1; Case No. 4830-2021). Plaintiff now claims that Defendant: (Count I) violated the Fair Housing Act by discriminating on the basis of disability, refusing to make reasonable accommodations, and interfering with FHA rights; and (Count II) violated the Americans with Disabilities Act by discriminating on the basis of disability, excluding individuals with disabilities from publicly-funded services, failing to make reasonable modifications, and interfering with ADA rights. (Doc. 1 ¶¶37–48).

---

[2] In considering Plaintiff's Complaint against this Rule 12(b)(6) motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016).

## II.      LEGAL STANDARD

In response to a complaint, a party may move for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must make more than "conclusory or 'bare-bones' allegations," and "'threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, the complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering the complaint, the court must apply a "two-part analysis." *Id.* "First," the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11. "Second," the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim to relief." *Id.* at 211.

## III.   DISCUSSION

### A. Effect of state court decision

The parties disagree on the effect of the Luzerne County Court of Common Pleas' decision reversing the Nanticoke Zoning Hearing Board's denial of Plaintiff's zoning permit application. (Doc. 18-1).

Plaintiff contends that Defendant is precluded from arguing that it did not violate the Fair Housing Act, because the Court of Common Pleas concluded that it did. (Doc. 18 at 11–12). The Court of Common Pleas made the following conclusions of law.

> 14. Finally, it should be noted that it is a violation of the FHAA to refuse to make reasonable accommodations in rules, policies, and practices or services when such accommodations may be necessary to afford a person equal opportunity to use and enjoy a dwelling. 42 U.S.C.A. §3604.
> 15. Subsection (f)(1)(B) specifically states "it shall be unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available. 42 U.S.C.A. §3601(f)(1)(B).
> 16. A reasonable accommodation in this case would be to allow the individuals residing at the property to have separate leases, which is currently not allowed under the Ordinance.
> 17. The individuals who will reside at the property are entitled to such a reasonable accommodation under the FHAA and to deny such accommodation is a violation of federal law designed to protect some of society's most vulnerable individuals.

- 4 -

(Doc. 18-1 ¶¶14–17).[3]

Under the doctrine of issue preclusion, or collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). "Federal courts must 'give the same preclusive effect to state court judgments that those judgements would be given in the courts of the State from which the judgments emerged.'" *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982)).

"The doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the

---

[3] The Fair Housing Amendments Act (FHAA) was "passed in 1988 to extend the coverage of the FHA to include people with disabilities." *Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005).

determination in the prior proceeding was essential to the judgment." *Off. of Disciplinary Couns. v. Kiesewetter*, 889 A.2d 47, 50–51 (Pa. 2005).

In state court, Plaintiff appealed the Zoning Hearing Board's denial of its zoning permit application. (Doc. 18-1 ¶1). The Court of Common Pleas' scope of review on appeal was "limited to a determination of whether the board committed an abuse of discretion or a clear error of law." (Doc. 18-1 at 8 ¶1 (citing *Butch v. E. Lackawannock Twp. Zoning Appeal Bd.*, 460 A.2d 923, 925 (Pa. Commw. Ct. 1983))); *see also* 2 Pa. Cons. Stat. §753(a). Because the Court of Common Pleas was limited to reviewing the Board's zoning permit decision for abuse of discretion or error of law, its determination regarding the FHAA was not essential to its judgment. Therefore, Defendant is not precluded from arguing this issue now.

Defendant argues that "Plaintiff is similarly precluded from again raising identical claims here in federal court simply for the purposes of extracting additional damages from [Defendant] after a determination was handed down in state court." (Doc. 21 at 5). It suggests that Plaintiff is asking the court here to "revisit" decisions of the Court of Common Pleas. (Id.).

Defendant's reliance on *ASARCO Inc. v. Kadish*, 490 U.S. 605, 621 (1989), amounts to an argument that issue preclusion should bar Plaintiff

- 6 -

from bringing this entire action.[4] As discussed above, issue preclusion does not apply here.

Defendant also references *ASARCO*'s requirement that, in order for a federal court to exercise jurisdiction by writ of certiorari over a state court judgment in which the plaintiffs originally lacked federal standing, that judgement must "cause[] direct, specific, and concrete injury to the parties" petitioning for review. 490 U.S. at 623–24. That principle is plainly inapplicable here. There is no writ of certiorari, Plaintiff does not ask for review of the Court of Common Pleas' decision, and there is no suggestion that Plaintiff at any point lacked standing. Whereas the Court of Common Pleas reviewed the Zoning Hearing Board's zoning-permit decision (which was based on the Nanticoke Zoning Ordinance), Plaintiff here claims that the Board's action in denying its zoning permit application violated federal law (*not* that it violated the Nanticoke Zoning Ordinance, or any state law).

---

   [4] Defendant reads *ASARCO* as stating that "only in very rare circumstances may a party newly bring a claim in federal court which was adjudicated in state court, even if the state court decision was determinative of federal law." (Doc. 21 at 5). At the cited page, *ASARCO* notes the doctrine that "the judgment of a state court on issues of federal law normally binds the parties in any future suit even if that suit is brought separately in federal court." 490 U.S. at 621. In other words, such judgments preclude relitigation of the same issues by the parties in future federal suits.

Defendant further invokes the doctrine of res judicata, which "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action." *In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 378 (2021). As discussed, the prior action in the Luzerne County Court of Common Pleas was an appeal of a zoning hearing board decision. Plaintiff could not, due to the limited scope of review, raise its FHA and ADA claims there. *See* 2 Pa. Cons. Stat. §753(a) So that judgment has no res judicata effect on this one.

Defendant generally takes issue with the notion that Plaintiff will be allowed "two bites at the apple," and suggests that Plaintiff should not be able to seek damages here, because it "had every opportunity to request" damages in state court. (Doc. 21 at 6). Again, because the Luzerne County action was an appeal of a municipal decision, with a limited scope of review, Plaintiff did not there have the opportunity to request damages for violations of federal law.

## B. Count I – FHA Discrimination

Plaintiff claims that Defendant's denial of its zoning permit application constituted discrimination on the basis of disability in violation of the FHA. (Doc. 1 ¶39a–b). Defendant argues that Plaintiff has not plead facts plausibly

supporting an inference of intentional discrimination. (Doc. 16 at 6–11).[5]

Plaintiff in response posits that it need not allege intentional discrimination.

The Fair Housing Amendments Act, which extended the FHA's protections to individuals with disabilities, makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap" of the buyer or renter or another person intending to reside in the dwelling. 42 U.S.C. §3604(f)(1); *see also Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005). "[C]ourts have specifically allowed claims under this section to be brought against municipalities and land use authorities." *Wind Gap*, 421 F.3d at 176 (citing *Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment*, 284 F.3d 442 (3d Cir. 2002)). Under this section, discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(f)(3)(B).

"Plaintiffs alleging violations of the FHAA under these sections may bring three general types of claims: (1) intentional discrimination claims (also

---

[5] Defendant cites *Village of Belle Terre v. Boraas*, 416 U.S. 1 (1974) for the proposition that "[a]n ordinance limiting the number of individuals to a residence is not a violation of the FHA or ADA." (Doc. 16 at 8). *Boraas* involved a constitutional challenge to a municipal zoning ordinance, not an FHA or ADA claim. 416 U.S. at 3.

called disparate treatment claims) and (2) disparate impact claims, both of which arise under §3604(f)(2), and (3) claims that a defendant refused to make 'reasonable accommodations,' which arise under §3604(f)(3)(B)." *Wind Gap*, 421 F.3d at 176.

Plaintiff argues that its claim is one of refusal to make reasonable accommodations, and that it therefore need not allege discriminatory intent.[6] "To survive a motion to dismiss" a claim of refusal to make reasonable accommodations, "a plaintiff need only plausibly plead enough facts to make out the three elements set forth in §3604(f)(3)(B): refusal, reasonable accommodation, and necessity/equal opportunity." *Vorchheimer v. Philadelphian Owners Assoc.*, 903 F.3d 100, 111 (3d Cir. 2018).

As to the first element, Plaintiff has plead that Defendant denied its zoning permit application; it thereby refused Plaintiff's accommodation request. (Doc. 1 ¶33).

_____

[6] Plaintiff's Complaint alleges violations of 42 U.S.C. §3604(f)(1), (Doc. 1 ¶39a), §3604(f)(2), (¶39b), §3604(f)(3), (¶39c), and §3617 (¶39d). Because Plaintiff asserts that it need not make allegations of discriminatory intent, (Doc. 18 at 5), and has not made allegations of disparate impact, *see Lapid-Laurel*, 284 F.3d at 466–67 (3d Cir. 2002) ("In order to make out a prima facie case of disparate impact under the FHAA, the plaintiff must show that the [Defendant's] action had a greater adverse impact on the protected group … than on others."), the court will treat its (f)(1) and (f)(2) claims as abandoned. The court addresses its §3617 claim *supra* Section III.D.

As to the second—"[t]he reasonable accommodation inquiry is highly fact-specific, requiring a case-by-case determination." *Hovsons. Inc. v. Twp. of Brick*, 89 F.3d 1096, 1104 (3d Cir. 1996). In the zoning context, "[c]ourts interpreting the reasonable accommodation provision of the Fair Housing Act have ruled that municipalities must change, waiver, or make exceptions in their zoning rules to afford people with disabilities the same opportunity to housing as those who are without housing." *Id.* While a reasonable accommodation "can and often will involve some costs," *id.,* an unreasonable accommodation is one that imposes "undue financial and administrative burdens" or "undue hardship" on the municipality, or "requir[es] a fundamental alteration in the nature of the zoning program." *Cmty. Servs., Inc. v. Heidelberg Twp.,* 439 F. Supp. 2d 380, 398 (M.D. Pa. 2006) (citing *Lapid-Laurel*, 284 F.3d at 457, 462).

There is no indication that the accommodation allegedly requested by Plaintiff would impose undue burdens or hardship on the City or would require a fundamental alteration in the nature of its zoning program. Even considering the Zoning Hearing Board transcript,[7] in which Plaintiff admitted

---

[7] Though it did not attach this transcript to its own pleadings, Plaintiff urges us to consider it. (Doc. 18 at 7–9). Defendant attaches the transcript to its motion, (Doc. 12-1 at 21–38), and cites it in its brief in opposition, (Doc. 16 at 9–11), but in reply asserts that it "should not be relied upon now to

*(footnote continued on next page)*

- 11 -

that at least one staff member would have to be present at the property to supervise the four individuals intending to live there, (Doc. 12-1 at 24), the court does not find that Plaintiff has failed to allege a plausibly reasonable accommodation. Especially in light of the Zoning Ordinance's R-2 District special exceptions for "Day-care center[s]" or "Group residence[s]," City of Nanticoke Code §500-502.2, the arrangement allegedly requested by Plaintiff is plausibly a reasonable accommodation.

To satisfy this third element, the Complaint must plausibly plead that the requested accommodation was "necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(f)(3)(B); *Vorchheimer*, 903 F.3d at 111. "[T]he Act's necessity element requires that an accommodation be essential, not just preferable." *Id.* at 107. "[T]he equal opportunity to live in a residential zone" has been recognized as a "valid" objective "under §3604(f)(3)(B)." *Lapid-Laurel*, 284 F.3d at 460.

Where zoning approval was sought for construction of a nursing home facility, the Third Circuit held that "the FHAA require[d] [the plaintiff] to show

---

bolster the insufficiencies of the pleadings." (Doc. 21 at 2). "In considering a motion to dismiss, …. [t]he court may … rely upon exhibits attached to the complaint and matters of public record." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) (internal quotations omitted); *see also Linksey v. Guariglia*, 2012 WL 1268913, at *4 (M.D. Pa. 2012) (considering school board meeting minutes on motion to dismiss).

that the size of the proposed facility is required to make it financially viable or medically effective." *Id.* at 461. Here, Plaintiff did not seek to build a new facility, it sought only approval of a particular living arrangement in an existing one. We must ask whether the accommodation Plaintiff sought (a zoning permit allowing four individuals with disabilities, who would require constant staff supervisory presence, to reside in a residential home) was necessary to afford those individuals an equal opportunity to use or enjoy the dwelling. Viewing the factual allegations in the light most favorable to Plaintiff, the court concludes that it has adequately plead this element. Persons without disabilities are afforded the opportunity to live in residential zones like that here as part of family arrangements (which may include groups of up to four unrelated individuals, (Doc. 18-1 ¶15)). An equal opportunity to do the same would require permission for the intended individuals with disabilities to live in the arrangement proposed by Plaintiff. At this stage, although not specifically plead by Defendant, the court draws the reasonable inference that an arrangement of four (as opposed to fewer) is necessary to make the property financially viable.

Having determined that Plaintiff has sufficiently plead the elements of an FHA refusal to accommodate claim, the court must address Defendant's threshold contention that "Plaintiff has failed to establish that the alleged

aggrieved individuals suffered from any disability at all." (Doc. 16 at 10). Plaintiff alleged that it purchased the subject property "for the purpose of using it as a residence for up to four (4) individuals with disabilities." (Doc. 1 ¶13). Under the FHA, "handicap" means "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. §3602(h). At the Zoning Board hearing, Plaintiff testified that the proposed residents' intellectual disabilities significantly limit their ability to engage in major life activities. (Doc. 12-1 at 25). The court concludes the allegation that these individuals have intellectual disabilities, which, according to the hearing transcript, significantly limit their ability to engage in major life activities, is sufficient to plausibly show that Plaintiff is suing on behalf of individuals with handicaps as required for an FHA refusal to accommodate claim.

The court therefore concludes that Plaintiff has stated a 42 U.S.C. §3604(f)(3)(B) FHA claim.

### C. Count II – ADA Discrimination

Count II alleges that Defendant's actions constituted violations of the ADA in a number of ways. (Doc. 1 ¶46).

Part of Plaintiff's claim alleges violations of Title II of the ADA, 42 U.S.C. §12132, which provides that "no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." (Doc. 1 §46a–g). To state a claim under Title II of the ADA, a plaintiff must allege that "he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pa Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019). "Additionally, 'a plaintiff can assert a failure to accommodate as an independent basis for liability under the ADA.'" *Davenport v. Spencer*, 391 F. Supp. 3d 366, 379 (M.D. Pa. 2019) (quoting *Muhammad v. Ct. of Common Pleas of Allegheny Cnty., Pa.*, 483 Fed App'x 759, 763 (3d Cir. 2012) (non-precedential)). "To make out such a claim, a plaintiff must show that the accommodation he seeks is reasonable … i.e., that it is 'necessary to avoid discrimination on the basis of disability.'" *Id.* (quoting *Muhammad*, 483 Fed. App'x at 763). But an ADA Title II claim for compensatory damages requires allegations of intentional discrimination. *Geness v. Admin. Off. of Pa. Cts.*, 974 F.3d 263, 274 n.11 (3d Cir. 2020).

Plaintiff suggests that its claim need not allege intentional discrimination, because it is based on a failure to accommodate. (Doc. 18 at 5). But to the extent Plaintiff seeks compensatory damages under Title II,

- 15 -

(Doc. 1 at 12), it does need to allege intentional discrimination. *Geness*, 973 F.3d at 274 n.11. There are no factual allegations suggesting intentional discrimination. So Plaintiff has failed to state a claim for compensatory damages under Title II of the ADA.

And declaratory relief is unwarranted here, because the Board's decision was reversed and the Plaintiff's permit granted. (Doc. 18-1 at 15–16). The Declaratory Judgment Act allows federal courts to declare legal rights only "[i]n a case of actual controversy." 28 U.S.C. §2201(a). This limitation requires that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil. Co.,* 312 U.S. 270, 273 (1941).   In these circumstances, where Plaintiff has gotten its permit, a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment is absent.

### D. FHA/ADA Interference (Counts I & II)

Plaintiff also claims that Defendant's conduct constituted a violation of section 818 of the FHA, 42 U.S.C. §3617, (Doc. 1 ¶39d), and Title V of the ADA, 42 U.S.C. §12203(b). (Doc. 1 ¶46h). Both provisions make it unlawful to "interfere with any individual in the exercise or enjoyment of, or on account

of his or her having exercised or enjoyed, or on account of his or her having

aided or encouraged any other individual in the exercise or enjoyment of,

any right granted or protected by" each Act, respectively.  42 U.S.C. §§3617,

12203(b).

Though the Third Circuit has not defined the elements required for a

§12203(b) claim, *see EEOC v. Geisinger Health*, 2022 WL 10208553, at *16

(E.D. Pa. 2022), other courts of appeals have concluded that it should be

interpreted the same way as §3617, as it employs identical language. *See*

*Brown v. City of Tuscon*, 336 F.3d 1181, 1191 (9th Cir. 2003); *Frakes v.*

*Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550 (7th Cir. 2017). A §3617 claim

requires three elements: "(1) that the plaintiff exercised or enjoyed 'any right

granted or protected by'" the FHA; "(2) that the defendant's conduct

constituted interference; and (3) a causal connection existed between the

exercise or enjoyment of the right and the defendant's conduct." *Revock v.*

*Cowpet Bay West Condominium Assoc.*, 853 F.3d 96, 112–113 (3d Cir.

2017).

Even assuming that by applying for a zoning permit for use by

individuals with disabilities, Plaintiff was exercising rights protected by the

FHA and ADA, it cannot be said that simply by denying Plaintiff's permit

application Defendant "interfered" with that exercise. In Nanticoke, a building

may not be put to use "without obtaining a permit from the Zoning Officer." Code of the City of Nanticoke §500-1202.1. Upon receiving a permit application, the Zoning Officer may determine that approval by the Zoning Hearing Board is required. *Id.* Defendant here followed the ordinary procedure for considering a zoning permit application. Any bureaucratic approval process hinders citizens' exercise of their rights to some extent, but that does not mean such processes necessarily violate the FHA or ADA when applied to individuals with disabilities. *See Revock*, 853 F.3d at 113 ("[T]he prohibition on interference cannot be so broad as to prohibit any action whatsoever that in any way hinders a member of a protected class." (internal quotations omitted)). The court cannot conclude that merely requiring Plaintiff to submit to this process (even if the Board ultimately reached an erroneous legal conclusion) amounted to an unlawful interference with Plaintiff's FHA or ADA rights. Having grouped "interfere" with "coerce, intimidate," and "threaten," Congress must have contemplated something more affirmative—conduct akin to harassment, *id.*, or "persistent and intentional efforts to undermine [the] exercise of statutorily protected rights." *Menoken v. Dhillon*, 9745 F.3d 1, 11 (D.C. Cir. 2020). *See Giovanni v. U.S. Dep't of Navy*, 906 F.3d 94, 106 (3d Cir. 2018) (quoting *Yates v. United States*, 574 U.S. 528, 543 (2015)) ("'A word is known by the company

- 18 -

it keeps.' That principle, known as *noscitur a sociis*, counsels courts 'to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress.'").

The court therefore concludes that Plaintiff does not state an interference claim under either the FHA or ADA.


IV.   **CONCLUSION**

In sum, the court concludes that Plaintiff has stated an FHA claim under 42 U.S.C. §3604(f)(3)(B), but not under §§3604(1)–(2) or 3617. It also concludes that Plaintiff has failed to state an ADA claim. Therefore, Defendants' motion to dismiss will be granted in part and denied in part. Count I of Plaintiff's Complaint will be dismissed as to all except its refusal to accommodate claim under 42 U.S.C. §3604(f)(3)(B). And Count II of Plaintiff's Complaint will be dismissed. An appropriate order will issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 2, 2024**
23-605-01

- 19 -